### DOCKENDORF v. BASSETT et al.

#### (Circuit Court, N. D. Iowa, W. D. April 1, 1908.)

#### No. 238.

PUBLIC LANDS—HOMESTEAD ENTRY.

Where at the time complainant attempted to move on public land in controversy he knew that defendants were then in open and undisturbed possession thereof and had been for several years, claiming to own it under a contract of purchase from a railroad company, complainant was not entitled to enter the land as a homestead, nor did his entry create any rights therein.

[Ed. Note.—Rights acquired by homestead entries on public lands, see note to McCune v. Essig, 59 C. C. A. 434.]

In Equity. On final hearing.

M. B. Davis and Henderson & Fribourg, for complainant.
W. D. Boies and A. C. Parker, for defendants.

REED, District Judge. The land involved in this suit is the S. W. ¼ of Sec. 5, Tp. 96, R. 42, in O'Brien county. November 12, 1887, it was purchased by Rachael B. Calvert from the Sioux City & St. Paul Railroad Company under a written contract whereby she was to pay $2,880, in 10 annual installments. November 30, 1888, she sold the land and assigned her contract to Levi S. Bassett and the defendants for $1,000, they agreeing in addition to assume and pay the amounts

due upon the contract with the railroad company. Subsequently Levi S. Bassett assigned his interest to the defendants. To December 1, 1892, there had been paid by Mrs. Calvert and the defendants to the railroad company upon the contract, $1,977.56; and they had also paid all taxes upon the land. Mrs. Calvert and the defendants have been in continuous, open, and undisturbed possession of the land from the time of her purchase thereof, except that in the latter part of October, 1895, the complainant erected a small house or shanty thereon of the value of $35 or $40. The house was uninhabitable, but he slept there a few nights. He erected the structure without the knowledge or consent of the defendants, and they removed him and his shanty not long after he placed it on the land by proceedings of forcible entry and detainer under the Iowa statute. Pursuant to the order of the Land Department restoring the land to the public domain, the defendants on January 18, 1896, filed in the local land office notice of their intention to claim the land under the adjustment act of March 3, 1887. February 27, 1896, L. S. Burton and several other parties other than the complainant made application to enter it as a homestead. March 7, 1896, the complainant sent by mail from Sheldon, Iowa, an application, together with the requisite fees, to so enter it, accompanied with an affidavit that because of illness he could not attend in person. The application was received at the local land office March 8, 1896, and the fees were at once returned to complainant. Upon a hearing of these several applications the local land office on September 11, 1896, rejected all of the homestead applications, and awarded the land to the defendants under section 4 of the act of March 3, 1887, c. 376, 24 Stat. 557 (U. S. Comp. St. 1901, p. 1596). Upon appeal of the complainant, and two other homestead applicants, the Commissioner of the General Land Office reversed the decision of the local land office upon the authority of the then recent decision of the Secretary of the Interior in the case of Olson v. Traver et al., 26 Land Dec. Dep. Int. 350, which held that a modified agreement, like that shown in this case, was an abrogation of the original agreement, and that defendants could not therefore be regarded as good faith purchasers of the land from the railroad company. Upon appeal of defendants the Secretary of the Interior on February 6, 1900, overruled his decision in Olson v. Traver et al., reversed the decision of the Commissioner of the General Land Office, and awarded the land to the defendants. Burton et al. v. Dockendorf, 29 Land Dec. Dep. Int. 479. The government price of the land—$400—was thereupon paid to the United States by the railroad company for the defendants, which price they have ever since retained, and a patent was duly issued to defendants February 27, 1901. The complainant afterwards made no claim to the land until the commencement of this suit, which was on July 30, 1904, shortly after the decision in Knepper v. Sands, 194 U. S. 476, 24 Sup. Ct. 744, 48 L. Ed. 1083. The land with its improvements was then worth some $10,000.

When complainant attempted to move on to the land in October, 1895, he knew that defendants were then in the open and undisturbed possession of it, and had been for several years, claiming to own it under the contract of purchase with the railroad company. The un-

disputed facts bring the case within the rule in Harvey v. Holles, 160 Fed. 531, and following that decision the bill is dismissed at complainant's costs, without prejudice to the United States if they shall elect to assert any. It is accordingly so ordered.