LYLE v. PATTERSON et al.

(Circuit Court, N. D. Iowa, W. D.   April 1, 1908.)

No. 210.

PUBLIC LANDS—HOMESTEAD ENTRY—PRIOR POSSESSION.

A homestead entry on public land then in the open and undisturbed possession of another constituted an unlawful trespass on such possession, and gave the entryman no rights or interest in the land as against a bona fide purchaser from such prior possessor to whom a patent had been duly issued.

[Ed. Note.—Rights acquired by homestead entries and settlements on public lands, see note to McCune v. Essig, 59 C. C. A. 434.]

In Equity.   On final hearing.

M. B. Davis and Henderson & Fribourg, for complainant.
W. D. Boies, for defendants.

REED, District Judge.   This suit was commenced May 24, 1901, to require the defendant Thomas Beacom to convey to complainant the legal title to the S. W. ¼ of Sec. No. 3, Tp. 97, R. 42, in O'Brien county, this state (except one acre in a corner thereof used as a schoolhouse site), which it is alleged said defendant holds in trust for complainant.   The land is a part of that granted by the act of Congress approved May 12, 1864, to the state of Iowa, to aid in the construction of two railroads in that state, was subsequently patented to the state for the benefit of the Sioux City & St. Paul Railroad Company, but never patented by the state to that company, because of its failure to construct the road.   From the evidence it appears that on June 21, 1887, J. H. Pasco made a contract with the railroad company for its purchase at the agreed price of $2,146.50, its then full value.   He paid a part in cash, and agreed to pay the remainder in 10 annual installments.   Pasco at once took possession, broke the land, and cultivated it until July 17, 1889, when he assigned his contract of purchase, and delivered possession of the land to the defendant G. W. Patterson, and his father, A. Patterson, in consideration of the payment by them to him of $800, they in addition to pay the amount due the railroad company upon the contract of purchase.   A. Patterson subsequently died, and G. W. Patterson succeeded to his interest in the contract and land.   July 17, 1889, the defendant G. W. Patterson leased the land to a tenant who occupied and cultivated the same under that lease until January 30, 1901, when Patterson sold and conveyed the land by warranty deed to the defendants T. H. and Wm. M. Smith for $6,360, its full value, which deed was duly recorded in the proper records in O'Brien county January 31, 1901, and they on March 31, 1901, in good faith sold and conveyed the land by warranty deed to

160 F.—35

defendant Thomas Beacom for $6,600. The Smiths and defendant Beacom took immediate possession of the land on their respective purchases of the same.

After the land was restored to public entry under the order of the Land Department of November 18, 1895 (see Harvey v. Holles [just decided] 160 Fed. 531), and notice thereof by the local land office, the defendant Patterson on January 17, 1896, filed in the local land office notice of his intention to make proof of his claim under the act of March 3, 1887. January 21, 1896, James A. Beacom, and February 23, 1896, the complainant, respectively filed notices of their intention to claim it under the same act. February 27, 1896, Louis Hoffman, the intervener, and others made application to enter it as a home-stead. March 23, 1896, complainant, and April 12, 1896, James A. Beacom, also made applications to so enter it. Upon a hearing of these several claims the local land office in 1897, rejected the application of defendant Patterson, upon the authority of Olson v. Traver et al., 26 Land Dec. Dep. Int. 350, because he had made a modified agreement with the railroad company like the one in that case, and awarded the land to intervener Hoffman as the first homestead applicant. Upon appeal by Patterson, James A. Beacom, and complainant, the Commissioner of the General Land Office, on August 28, 1899, sustained the decision rejecting the claim of Patterson, but reversed it so far as it awarded the land to Hoffman, and awarded it to James A. Beacom as the first homestead applicant. From this decision Patterson, Lyle, and Hoffman appealed to the Secretary of the Interior, who on April 11, 1900, sustained the decision upon the facts, but reversed it upon the appeal of Patterson, and awarded the land to him under section 4 of the act of March 3, 1887, c. 376, 24 Stat. 557 (U. S. Comp. St. 1901, p. 1596), upon the authority of Burton et al. v. Dockendorf, 29 Land Dec. Dep. Int. 479, and rejected the homestead application of the others. The government price of the land—$400—was then paid by the railroad company to the United States for the benefit of Patterson, which sum they have ever since retained, and a patent was duly issued to him March 23, 1901. The findings of the local land office upon the homestead application of complainant are as follows:

"The evidence submitted in behalf of Roscoe Lyle shows that on the 22d of October, 1895, he drove a covered wagon on the land in controversy, stayed in the wagon overnight, built a small house the next day, did some plowing in the afternoon of that day, and on the next day his house was moved off the land by Beacom, and other parties assisting him. The next day he went over to the land to move the house back, but was prevented from doing so by the Beacoms. He had no further connection with the land until the 23d of March, 1896, when he filed his homestead application. There is no evidence tending to support his claim under the act of March 3, 1887, and his application under such act is hereby rejected."

These findings were approved by the Commissioner of the General Land Office, who said:

"When, however, Lyle went upon the land it was already in possession of Beacom, who had gone on and took up his residence early in the day, while Lyle did not go on until about 7 o'clock in the evening of that day, and put on his house in the morning of the 23d; this house was moved off on the 24th by some men, and upon his attempt to replace it, he was threatened with its destruction if he did so."

The finding that Beacom was in possession of the land was upon the theory that Patterson had no right of possession or other right to the land because of his modified agreement with the railroad company though he (Patterson) was in fact in the undisturbed possession of the land, and had been since July 17, 1889.

The testimony does not show any connection between James A. Beacom, the homestead applicant, and the defendant Thomas Beacom. Neither the complainant nor the intervener Hoffman have ever made any improvements upon the land, and have never paid the government fees for a homestead entry. In fact it does not appear that the intervener was ever upon the land, and their attempts to settle upon it, if the intervener did so attempt, were but unlawful trespasses upon the prior open and undisturbed possession of Patterson, and gave them no rights to or interest in the land; and neither has any equities in it as against the defendant Thomas Beacom, who appears to be a good-faith purchaser under a warranty deed, from the defendant Smith before the commencement of this suit for full value paid, and secured to be paid, without notice of any defect in the title. United States v. California Land Co., 148 U. S. 31, 44–45, 13 Sup. Ct. 458, 37 L. Ed. 354; United States v. Detroit Timber Co., 131 Fed. 668, 67 C. C. A. 1, affirmed 200 U. S. 321, 26 Sup. Ct. 282, 50 L. Ed. 499; Links-willer v. Schneider, 95 Fed. 203.

Following the rule held in the cited cases, and in Harvey v. Holles (just decided) 160 Fed. 531, the bill should be dismissed at complainant's costs, without prejudice to the United States, and it is so ordered.