CAMPBELL v. WEYERHAEUSER et al.

(Circuit Court of Appeals, Eighth Circuit. April 17, 1908.)

No. 2,638.

1. PUBLIC LANDS—PATENT—ONE NOT IN PRIVITY WITH THE UNITED STATES CANNOT MAINTAIN SUIT TO CHARGE TITLE UNDER WITH TRUST.

One who has never by acceptance of a grant, or by settlement and improvement, or by entry, or by payment, placed himself in privity with the United States in title before a patent issues to another, may not maintain a bill in equity to charge the title under it with a trust in his favor.

One, whose application to purchase is rejected when presented may not maintain such a suit.

2. SAME—NORTHERN PACIFIC LAND GRANT—ONE, WHOSE APPLICATION TO PURCHASE WAS DENIED WHEN PRESENTED, NOT A BENEFICIARY OF ACT JULY 1, 1898, c. 546, 30 STAT. 620.

The beneficiaries of Act July 1, 1898, c. 546, 30 Stat. 620, are purchasers directly from the United States of, occupants of, and qualified settlers upon, the lands there described prior to January 1, 1898, under some law of the United States or some ruling of the Interior Department.

One who had not purchased of the United States, or occupied, or settled upon, or acquired any equitable right to, or interest in, any of the land there described prior to January 1, 1898, but whose application to purchase had been rejected by the Land Department when presented, does not fall within the provisions of the act and cannot invoke its aid.

(Syllabus by the Court.)

Appeal from the Circuit Court of the United States for the District of Minnesota.

Herbert H. Hoyt, for appellant.

Charles W. Bunn, for appellees.

Before SANBORN and ADAMS, Circuit Judges, and PHILIPS, District Judge.

SANBORN, Circuit Judge. The nature of this case and the questions presented in it are the same as those in Hoyt v. Weyerhaeuser et al. (in which the opinion is filed herewith), 161 Fed. 324. The facts of this case differ from the facts in that case in this: In Hoyt's Case his remote grantor, Jones, entered, purchased, and paid for his land in 1897 and 1898 under the timber and stone acts (Act June 3, 1878, c. 151, § 1, 20 Stat. 89, Act Aug. 4, 1898, c. 375, § 2, 27 Stat. 348 [2 U. S. Comp. St. 1901, pp. 1545, 1547]), before its selection by the railway company had been approved by the Secretary of the Interior. In this case the complainant, Campbell, repeatedly filed with the Land Department his application to enter the land which he claims under those acts prior to January 1, 1898, and before the railway company's selection of that land was approved by the Secretary of the Interior, but the officers of the Land Department rejected his application each time and refused to permit him to enter the land. In Hoyt's Case Jones became the vendee of the United States, paid for and became the equitable owner of his land. In this case, Campbell was refused permission to purchase the land he seeks, he never entered or paid for it, his right to buy it was never recognized by the United States, and he was never in privity with it. The difference is radical and fatal to this suit in equity.

One who has never by acceptance of a grant, or by settlement and improvement, or by occupation, or by entry, or by payment, placed himself in privity with the United States in title before a patent issues to another may not maintain a bill in equity to charge the title under the patent with a trust in his favor. Smelting Co. v. Kemp, 104 U. S. 636, 647, 26 L. Ed. 875; De Weese v. Reinhard, 10 C. C. A. 55, 59, 60, 61 Fed. 777, 781, 782; Hartman v. Warren, 22 C. C. A. 30, 36, 76 Fed. 157, 163; New Dunderberg Mining Co. v. Old, 79 Fed. 598, 606, 25 C. C. A. 116, 124; Spencer v. Lapsley, 20 How. 264, 269, 15 L. Ed. 902; Beard v. Federy, 3 Wall. 478, 493, 18 L. Ed. 88; McIntyre v. Roeschlaub (C. C.) 37 Fed. 556, 557. The indispensable basis of a suit in equity to charge the legal title to land under a patent is an equitable interest in the land in the complainant which is superior to the legal title in the defendant. The right under the general land laws of every qualified citizen to enter any tract of land open to entry thereunder is not, and no one can convert it into, such an interest in land by making an application to purchase which the officers of the Land Department unlawfully deny. The right to an allowance of such an application is a privilege merely, and not an equitable interest or title. The applicant acquires no equitable interest in the land by his application and its denial, and in the absence of such an interest no suit in equity can be maintained. Irreparable injury is conclusively presumed from the refusal of one to perform his contract to convey real property, and it is upon that ground that suits in equity to charge titles under patents with trusts for vendees and grantees are maintained: but there is no presumption of irreparable injury from the unlawful refusal of the government to sell land in which the applicant has secured no equitable interest, and hence such a refusal will not sustain a bill in equity. The applicant pays nothing for the tract he is re-

fused permission to buy, his loss by the refusal is measurable in damages, he may purchase another tract, and if courts of equity should entertain suits upon such applications and denials they would become courts for the production, rather than for the prevention, of a multiplicity of suits. In Smelting Co. v. Kemp, 104 U. S. 636, 647, 26 L. Ed. 875, the Supreme Court said that one who would maintain a suit in equity to charge a title under a patent with a trust in his favor must "connect himself with the original source of title so as to be able to aver that his rights are injuriously affected by the existence of the patent, and he must possess such equities as will control the legal title in the patentee's hands." The complainant in this suit made no such connection, and he had no equities of that character.

Counsel, however, urges another reason why his bill should be sustained. He claims that Campbell is entitled to the land under the provisions of Sundry Civil Act July 1, 1898, c. 546, 30 Stat. 597, 620; but the beneficiaries of that act are purchasers directly from the United States of, occupants of, and qualified settlers upon, the lands there described prior to January 1, 1898, under some law of the United States or some ruling of the Interior Department. The complainant was not a member of either of these classes. He had not purchased, or occupied, or settled upon, or acquired any equitable right to or interest in, the land in controversy prior to July 1, 1898, and he cannot successfully invoke the aid of the act of July 1st of that year.

There is no equity in the suit of the complainant, and the decree which dismissed his bill is affirmed.