### DOCKENDORF v. BASSETT et al.

(Circuit Court of Appeals, Eighth Circuit. February 21, 1910.)

#### No. 3,019.

PUBLIC LANDS (§ 31*)—HOMESTEAD ENTRY—CONFLICTING CLAIMS—POSSESSION OBTAINED BY TRESPASS.

A person cannot initiate a right of homestead by settling upon land at the time in the actual possession of another, who purchased it in good faith for full value from a railroad company in the erroneous belief that the company was the owner, which will give him standing in a court of equity to contest the entry of such actual occupant, to whom the land was awarded by the Land Department.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. § 53; Dec. Dig. § 31.*]

Appeal from the Circuit Court of the United States for the Northern District of Iowa.

Suit in equity by Alfred Dockendorf against L. L. Bassett and E. Riddell. Decree for defendants (160 Fed. 543), and complainant appeals. Affirmed.

Edwin J. Stason (Madison B. Davis, on the brief), for appellant.
W. D. Boies (A. C. Parker, on the brief), for appellees.

Before SANBORN, Circuit Judge, and RINER and WM. H. MUNGER, District Judges.

WM. H. MUNGER, District Judge. This suit was commenced on the 30th day of July, 1904, by complainant against defendants, to have a certain patent to the southwest quarter of section 5, township 96, range 42 west, in the county of O'Brien, and state of Iowa, issued by the United States to the defendants, declared illegal and void and canceled and set aside.

The facts in this case are substantially the same as in the case of Roscoe Lyle v. George M. Patterson, et al. (just decided) 176 Fed. 909. The land herein, as in that case, was within the place limits of the grant to the Sioux City & St. Paul Railroad Company. The material difference in the facts between the two cases is that in this case, on the 12th day of November, 1887, one Rachel B. Calvert, then a citizen of the United States, purchased by contract from the Sioux City & St. Paul Railroad Company the land in question, and, thereafter, on November 30, 1888, she duly sold and assigned in writing

her said contract of purchase to the defendants. Immediately after her purchase, Rachel B. Calvert entered into possession of said land, and since the date of, the purchase by defendants they have been in the absolute, open, notorious, and undisputed possession of the premises, except that complainant; on the 23d day of October, 1895, undertook to take possession of said land, entered thereon, and erected a small shanty thereon, but did not move his family thereto, except that his wife was there three or four days—they had no children. Defendants did not permit the complainant to remain on said premises and instituted an action of forcible entry and detainer against complainant in a justice court, claiming that complainant had wrongfully, fraudulently, and stealthily entered upon the prior, actual possession of defendants, and upon the trial of said action such justice court rendered judgment, finding complainant guilty of forcible entry and detention of said premises, that he entered thereon by stealth, force, and fraud, and a writ of removal was issued under such judgment duly entered, and complainant was duly ousted from said premises. Complainant appealed to the District Court from said judgment, where the cause has since been pending untried. The register and receiver of the United States Land Office at Des Moines, Iowa, fixed the 10th day of April, 1896, as the date upon which proofs should be submitted by claimants to the land, pursuant to the order of the Land Department referred to in the case of Lyle v. Patterson et al. Complainant and defendants appeared, made proof of their respective claims, and the register and receiver decided in favor of defendants, from which complainant took an appeal, and the Commissioner of the General Land Office reversed the decision of the register and receiver. From the decision of the commissioner defendants appealed to the Secretary of the Interior, who reversed the decision of the commissioner and held that the defendants were good-faith purchasers of the land and were entitled to the possession of the same, and thereupon a patent was issued by the United States to the defendants. It is stipulated that, at the time Rachel Calvert and the defendants purchased said lands, they paid the actual, full, and reasonable cash value therefor, and that, at the time, each of the parties thereto believed in good faith that said land had been earned by the said railroad company.

For the reasons stated, and under the authorities cited, in Lyle v. Patterson et al., complainant's entry upon the lands then in the actual and open possession of defendants, and his tender of his homestead filing and the fees to the United States Land Office, which were rejected, did not initiate such a claim to the land as entitles him to maintain this action; and the decree of the court below is affirmed.