## CAMPBELL v. WEYERHAEUSER.

### APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 12. Argued April 27, 28, 1910.—Restored to docket for reargument December 19, 1910.—Reargued January 19, 20, 1911.—Decided February 20, 1911.

Decided on authority of *Weyerhaeuser* v. *Hoyt, ante,* p. 380.

THE facts are stated in the opinion.

Mr. *Charles W. Bunn* and Mr. *Frank B. Kellogg,* with whom Mr. *Stiles W. Burr* was on the brief, for appellants in No. 24 and appellees in No. 12.

*Mr. Charles W. Bunn* for plaintiffs in error in No. 181.

*Mr. M. H. Stanford*, with whom *Mr. H. H. Hoyt* was on the brief, for appellees in No. 24 and appellants in No. 12.

*Mr. P. B. Gorman* for defendant in error in No. 181.[1]

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

This case and the *Hoyt case*, just decided, are of the same general character, and were consolidated and tried below as one case. In this case, however, the application of Campbell to purchase the tract by him claimed was rejected by the Land Department, and Campbell was not permitted to enter the land. The land furnishing the selection basis also lay further west in Minnesota than the lost tract in the *Hoyt case*. The Court of Appeals held that Campbell acquired no equitable interest in the land by his application, and the denial thereof, and consequently he could not maintain a bill in equity to charge the title under the patent issued to the railroad company upon a selection of a tract as lieu land, and affirmed the decree of the Circuit Court dismissing the bill. As in any event the decision rendered in the *Hoyt case* is decisive of this, we hold that the bill was rightly dismissed, and the decree of the Circuit Court of Appeals is therefore

*Affirmed.*

MR. JUSTICE HARLAN and MR. JUSTICE DAY dissent for the reasons set forth in the dissenting opinion in case of *Weyerhaeuser* v. *Hoyt, ante,* p. 380.

---

[1] This case was argued simultaneously with No. 24, *Weyerhaeuser* v. *Hoyt, ante,* p. 380, and No. 181, *Northern Pacific Railway Company* v. *Wass, post,* p. 426.