UNITED STATES v. BUSH.

(District Court, W. D. Washington, N. D.   February 29, 1916.)

No. 68.

PUBLIC LANDS ⟨&⟩106(3)—SUIT TO ENJOIN TRESPASSES—DEFENSES.

To a bill seeking to enjoin trespasses on lands in a national forest reserve, an answer setting up that, before the land was set aside as a forest reserve, defendant made an actual and bona fide homestead entry on the land, but that the General Land Office and the Secretary of the Interior arbitrarily and illegally and upon false testimony rejected the application, on the ground that the land had been set aside as a forest reserve, is no defense, for the officers of the land department discharge quasi -judicial functions, whose holdings on questions of fact with relation to the public land cannot be reviewed by the courts, though their determinations as to questions of law may be, and this being particularly true where the defendant, who asserted his homestead entry, made no application for any rehearing in the land department.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 104, 301; Dec. Dig. ⟨&⟩106(3).]

In Equity.  Bill by the United States against Clarence N. Bush.  On motion to strike affirmative defense.  Motion granted.

Clay Allen, U. S. Atty., and Winter S. Martin, Asst. U. S. Atty., both of Seattle, Wash.

P. V. Davis and E. M. Comyns, both of Seattle, Wash., for defendant.

NETERER, District Judge.  The United States has filed a bill in equity in which it alleges, in substance, that on the 18th of December, 1902, certain land in the bill described was withdrawn from entry by executive order, and on March 2, 1907, included in the boundaries of the Washington Forest Reserve, and subsequently changed to Snoqualmie National Forest; that the United States is the owner of the land, and the defendant, Clarence N. Bush, a citizen of the United States and resident of this district, without any authority or permission from the government, during the summer of 1904, wrongfully and unlawfully went upon the land and committed certain acts of trespass thereon from time to time, by cutting trees, and commenced preparation for making a homestead, and during the year 1915 committed similar acts of trespass; that the defendant threatens to continue such trespasses and occupation, which acts are wholly unauthorized by law, and that his continual presence within the confines of the National Forest Reserve is subversive of the rules and regulations of the Forest Service, and tends to invite the commission of other trespasses, all in violation of the rules and regulations; and that the government is without a speedy and adequate remedy at law, and asks that the defendant be enjoined from the commission of such wrongful acts in order to avoid multiplicity of suits.

The defendant answers, in which he sets up, in substance, that on the 21st of November, 1900, he made actual and bona fide settlement on the land; that at the time the land was unsurveyed; that the im-

provements and settlement were made in contemplation of official surveying of the land and filing of plat thereof; that the official plat was filed on the 14th of December, 1912, and on the same day he filed his application to enter the land under the government land laws, to carry out his original intention of location and settlement, which application was rejected by the local officials, and upon appeal was rejected by the Commissioner of the General Land Office, on April 22, 1913, for the alleged reason that the said land had been withdrawn from entry on November 18, 1902, and had been included in the Washington Forest Reserve by departmental order, March 2, 1907; that the honorable Secretary of the Interior confirmed the decision of the honorable Commissioner of the General Land Office, "all of which actions by said officials of said local land office, the Commissioner of the General Land Office, and the Secretary of Interior were arbitrary, unwarranted, unsupported by the evidence, contrary to law, illegal, and void, and were based upon false, fraudulent, and perjured testimony and evidence and a misconstruction of the law by the said respective officials"; that on the 18th of November, 1902, the land was illegally attempted to be withdrawn from entry, and thereafter was illegally attempted to be included in the Washington Reserve by certain illegal, executive, and departmental orders, "and that the Department of the Interior illegally attempted to adjudicate the rights of the defendant herein and to try the issues between the Agriculture Department and this defendant while the land was unsurveyed, and that said Department of Interior never acquired any jurisdiction to try any issues between the United States or any of its departments and this defendant until after the plat was filed and said land was identified by an official survey thereof; that all of the decisions of the officials of the local land office and the Secretary of the Interior were without jurisdiction, contrary to law, and unsupported by the evidence, and based and founded upon false, fraudulent, and perjured testimony of the special agents in the employ of the Department of the Interior of the United States and other witnesses, and said decisions were based and founded upon a misconstruction of the law by each and every one of said such officials of the United States, and all of said decisions were contrary to law, without jurisdiction, arbitrary, unwarranted, unsupported by the evidence, and in absolute disregard and contravention of this defendant's rights, who settled and commenced residence thereon, and made valuable improvements thereon, for the purpose of acquiring the same under the homestead laws of the United States, long prior to the time of said attempted and illegal withdrawal thereof from settlement and said illegal attempt to include the same within a forest reserve, which said settlement and residence and improvements have been continuous and bona fide up to the present time, and that said defendant has during all said time maintained his home and resides thereon, to the exclusion of all others."

The government has moved to strike all of the affirmative matter in the answer. I think the motion must be sustained. I think this case falls within the holding of the Supreme Court in United States

ex rel. Riverside Oil Co. v. Hitchcock, 190 U. S. 316, 23 Sup. Ct. 698, 47 L. Ed. 1074, and United States ex rel. Ness v. Fisher, 223 U. S. 683, 32 Sup. Ct. 356, 56 L. Ed. 610, and of this court in Reed v. St. Paul, M. & M. Ry. Co. et al., 234 Fed. 207, filed December 3, 1915, and cases cited. The defendant relies upon Stimson Land Co. v. Hollister (C. C.) 75 Fed. 941, United States v. Minor, 114 U. S. 233, 5 Sup. Ct. 836, 29 L. Ed. 110, Quinby v. Conlan, 104 U. S. 420, 26 L. Ed. 800, and Sullivan v. Damon, 202 Fed. 285. These cases do not throw any light upon the issue here. Mr. Justice Miller, for the court, in United States v. Minor, supra, said:

"It has been often said by this court that the land officers are a special tribunal of a quasi judicial character, and their decision on the facts before them is conclusive. And we are not now controverting the principle that where a contest between individuals, for the right to a patent for public lands, has been brought before these officers, and both parties have been represented and had a fair hearing, that those parties are concluded as to all the facts thus in issue by the decision of the officers."

And Justice Field, in Quinby v. Conlan, supra, at pages 425, 426, of 104 U. S., 26 L. Ed. 800, said:

"But independently of this conclusion there is a general answer to the alleged erroneous rulings of the officers of the Land Department as grounds for the interference of the court. Those rulings were upon mere matters of fact, or upon mixed questions of law and fact, which were properly cognizable and determinable by the officers of that department. The laws of the United States prescribe with particularity the manner in which portions of the public domain may be acquired by settlers. They require personal settlement upon the lands desired and their inhabitation and improvement, and a declaration of the settler's acts and purposes to be made in the proper office of the district, within a limited time after the public surveys have been extended over the lands. By them a land department has been created to supervise all the various steps required for the acquisition of the title of the government. Its officers are required to receive, consider, and pass upon the proofs furnished as to the alleged settlements upon the lands, and their improvement, when pre-emption rights are claimed, and, in case of conflicting claims to the same tract, to hear the contesting parties. The proofs offered in compliance with the law are to be presented, in the first instance, to the officers of the district where the land is situated, and from their decision, an appeal lies to the Commissioner of the General Land Office, and from him to the Secretary of the Interior. For mere errors of judgment as to the weight of evidence on these subjects, by any of the subordinate officers, the only remedy is by an appeal to his superior of the department. The courts cannot exercise any direct appellate jurisdiction over the rulings of those officers or their superior in the department in such matters, nor can they reverse or correct them in a collateral proceeding between private parties. * * * It is only when those officers have misconstrued the law applicable to the case, as established before the department, and thus have denied to parties rights which, upon a correct construction, would have been conceded to them, or where misrepresentations and fraud have been practiced, necessarily affecting their judgment, that the courts can, in a proper proceeding, interfere and refuse to give effect to their action. On this subject we have repeatedly and with emphasis expressed our opinion, and the matter should be deemed settled. Johnson v. Towsley, 13 Wall. 72 [20 L. Ed. 485]; Shepley v. Cowan, 91 U. S. 330–340 [23 L. Ed. 424]; Moore v. Robbins, 96 U. S. 530 [24 L. Ed. 848]."

In Sullivan v. Damon, supra, the court held that the decision of a contest for public land by the Land Department is conclusive upon the courts, in the absence of any claim of mistake in the department's

findings of fact, or that such findings were induced by fraud, which is not the case here. In Stimson Land Co. v. Hollister, supra, the title had passed from the government and had been transferred by mesne conveyances, and the court simply held that in such case, where the testimony was extorted from the witnesses by threats of criminal prosecution and promises of immunity in consideration of testimony satisfactory to the agent of the department, that a court of equity would entertain jurisdiction. But in this case the title has never passed from the government, and exclusive jurisdiction of the disposition of the public lands is given to the department and not to the courts, and until courts are given jurisdiction by Congress they cannot assume it. If the defendant was deprived of rights inaugurated prior to the withdrawal of the land from entry, then the forum in which to secure redress is before the land department, and it does not appear that application was made at any time to the department for a rehearing based upon the allegations set out in the answer.

The motion to strike is granted.

---

⚜️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes