### REDFIELD *v.* PARKS.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
EASTERN DISTRICT OF ARKANSAS.

No. 247. Submitted April 15, 1889. — Decided May 13, 1889.

Where the certificate to the transcript of a record, on a writ of error, did not comply with subdivision 1 of Rule 8, and the record was not complete, not containing the pleadings, so that, under subdivision 3 of Rule 8, this court could not hear the case, it was not dismissed, because it had been submitted on both sides, on the merits, and the defendant in error had not moved to dismiss it for non-compliance with the rules, although more than three years had elapsed since the filing of the transcript, but leave was given to the plaintiff in error to sue out a writ of *certiorari*, to bring up the omitted papers.

THE case is stated in the opinion.

*Mr. S. F. Clark* for plaintiff in error.

*Mr. Daniel W. Jones* for defendants in error.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is a writ of error to the Circuit Court of the United States for the Eastern District of Arkansas, in an ejectment

suit brought in that court by Jared E. Redfield against William P. Parks and other defendants, in which a judgment was rendered on the 28th of April, 1885, dismissing the complaint on the merits. The plaintiff has brought the writ of error.

The suit appears to have been commenced on April 11, 1882. It appears from the transcript of the record filed in this court that a complaint and several answers were filed, and sundry exceptions, and that the case was tried by the court on the written waiver of a jury, and that the court, having heard the evidence of both parties, found the issues for the defendants. There is a bill of exceptions, which finds certain facts specially and certain conclusions of law in favor of the defendants, and contains exceptions by the plaintiff to those conclusions, and prayers to the court by the plaintiff to find certain conclusions of law, and a refusal by the court so to find, and exceptions by the plaintiff to such refusal.

We find it impossible, under our rules, to hear the case as it stands. The pleadings referred to in the transcript of the record are not set forth. Rule 8, subdivision 1, provides as follows: "1. The clerk of the court to which any writ of error may be directed shall make return of the same, by transmitting a true copy of the record and of the assignment of errors, and of all proceedings in the case, under his hand and the seal of the court." Rule 8, subdivision 3, provides as follows: "3. No case will be heard until a complete record, containing in itself, and not by reference, all the papers, exhibits, depositions, and other proceedings, which are necessary to the hearing in this court, shall be filed."

The transcript of the record was filed in this court on April 5, 1886. The certificate of the clerk of the Circuit Court to the transcript is dated March 8, 1886, and does not comply with Rule 8, subdivision 1, for it only certifies "that the foregoing writing, annexed to this certificate, is a true, correct, and compared copy of the original remaining of record in my office." It does not say, as required by the rule, that the annexed papers are "a true copy of the record, and of the assignment of errors, and of all proceedings in the case." It

is quite apparent that there are papers of record in the court below, a copy of which ought to form part of the transcript. The complaint and answers are necessary to the hearing in this court, and unless a record containing them is filed here the case cannot be heard.

As was said in *Railway Company* v. *Stewart*, 95 U. S. 279, 284, it is the duty of the party who takes a writ of error "to see to it that the record is properly presented here."

In *Keene* v. *Whittaker*, 13 Pet. 459, the Circuit Court had given a judgment for the defendants, on an agreed case, and the record sent here, on a writ of error, contained only the agreed statement of facts and the judgment of the Circuit Court, with the petition for the writ of error and its allowance. At that time the 11th rule of the court was like the present Rule 8, subdivision 1, and the 31st rule was like the present Rule 8, subdivision 3. In view of those rules, and because the record did not contain any of the proceedings in the court below, this court dismissed the case.

The same thing was done in *Curtis* v. *Petitpain*, 18 How. 109, where the certified record consisted of an agreed statement of facts and a judgment.

While the court has undoubtedly the power to dismiss the case as for want of prosecution by the plaintiff in error, because of his failure to see that a proper return was filed, yet, as the transcript was filed here on the 5th of April, 1886, and more than three years have elapsed without the making of a motion by the defendants in error to dismiss the case because of a failure to comply with the rules, and the case has been submitted to us on printed briefs filed on both sides, on the merits, we think that the plaintiff in error ought to have leave to sue out a writ of *certiorari*, to bring into this court the papers omitted from the transcript. For this purpose

*A certiorari may, on his application to the clerk, issue, returnable at the next term.*