REED et ux. v. ST. PAUL, M. & M. RY. CO. et al.

(District Court, W. D. Washington, N. D.   November 23, 1915.)

No. 74.

1. PUBLIC LANDS ⊚⇒103(4)—JURISDICTION OF COURTS—QUIETING TITLE.
   The federal courts have no jurisdiction to quiet title and determine adverse claims to public land, title to which is in the United States, for the Land Department has exclusive jurisdiction over such matters.
   [Ed. Note.—For other cases, see Public Lands, Cent. Dig. § 307; Dec. Dig. ⊚⇒103(4).]

2. PUBLIC LANDS ⊚⇒103(1)—TITLE TO—LAND DEPARTMENT.
   The Land Department of the United States is a special tribunal with judicial functions, and has exclusive jurisdiction over issues affecting title to public lands until patent is issued.
   [Ed. Note.—For other cases, see Public Lands, Cent. Dig. § 298; Dec. Dig. ⊚⇒103(1).]

3. ADVERSE POSSESSION ⊚⇒7(2)—TITLE TO—PERFECTION.
   Adverse possession for 10 years under the limitation statutes of the state of Washington confers no right, where the legal title to the land is in the United States.
   [Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. § 40; Dec. Dig. ⊚⇒7(2); Limitation of Actions, Cent. Dig. §§ 223, 224.]

4. HUSBAND AND WIFE ⊚⇒252—COMMUNITY PROPERTY—RIGHT OF WIFE.
   Rem. & Bal. Code Wash. §§ 5915–5918, relating to the property of the spouses, give the wife as a member of the community no interest which attaches to public land squatted upon by the husband and wife prior to homestead entry.
   [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 895; Dec. Dig. ⊚⇒252.]

In Equity. Bill by Charles W. Reed and Dora Reed, his wife, against the St. Paul, Minneapolis & Manitoba Railway Company, a corporation, and the Great Northern Railway Company, a corporation. The first-named company disclaimed, and the Great Northern Railway Company demurred. Demurrer sustained.

Carl E. Croson and E. H. Flick, both of Seattle, Wash., for plaintiffs.

F. V. Brown and F. G. Dorety, both of Seattle, Wash., for defendants.

NETERER, District Judge. The plaintiffs allege, in substance, that they are a marital community, and as such in good faith settled upon public lands upon homestead entry under the provisions of Act Cong. May 14, 1880, c. 89, 21 Stat. 140 (Comp. St. 1913, §§ 4536–4538), on November 24, 1906; that on February 6, 1907, Charles W. Reed made application for homestead entry; that during the summer of 1901, J. J. Tinckner, a qualified entryman under the act of Congress, supra, had settled upon the land, and during the years 1902 and 1903 he posted notices, giving a description of the land, advising the public that he claimed the land under the homestead laws of the United

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

States; that on April 1, 1902, he commenced to erect a cabin, and asserted rights to the land until August 21, 1906, at which time he conveyed his right in the land to W. M. Smithey, and "notices of claim under the scrip land laws of the United States, or otherwise, were never posted on said land up to said time last mentioned"; that W. M. Smithey was a qualified entryman during all the time he held such land, and on the 24th day of November, 1906, sold his claim to the land to the plaintiffs; that the land was not surveyed until July, 1905, and survey was not accepted by the Land Department until November 27, 1906. It is then alleged that plaintiffs have at all times mentioned claimed said land, and occupied and improved the same; that plaintiffs and their predecessors in interest have held said land more than 10 years openly and notoriously, "with adverse interest to the world at large," and then stated that the defendants claim some right to the land, but that the claim is junior to plaintiffs', and pray judgment quieting title in plaintiffs. It is alleged that the defendants are each a corporation organized under the laws of Minnesota.

A disclaimer has been filed by the St. Paul, Minneapolis & Manitoba Railway Company, and a demurrer is presented by the Great Northern Railway Company on the ground that the complaint does not state any matter of equity entitling plaintiffs to the relief prayed for, in this: That the complaint shows that the title to the land is in the United States, does not show that the plaintiffs were deprived of their alleged homestead right by any erroneous decision of the Land Department of the United States, and that Dora Reed, the wife, is living with her husband, and is not entitled to enter lands under the laws of the United States.

[1, 2] The demurrer must be sustained. The court has no jurisdiction to quiet title to public land, the title to which is in the United States. Marquez v. Frisbie, 101 U. S. 473, 25 L. Ed. 800. The Land Department of the United States is a special tribunal with judicial functions, and has exclusive jurisdiction of issues affecting title to the public lands until patent is issued. Bockfinger v. Foster, 190 U. S. 116, 23 Sup. Ct. 836, 47 L. Ed. 975; Humbird v. Avery, 195 U. S. 480, 25 Sup. Ct. 123, 49 L. Ed. 286.

[3, 4] Adverse possession for 10 years under the limitation of actions of the state of Washington, confers no right, where the legal title is in the United States. Gibson v. Chouteau, 13 Wall. 92, 20 L. Ed. 534; Redfield v. Parks, 130 U. S. 625, 9 Sup. Ct. 642, 32 L. Ed. 1053. Nor do sections 5915–5918, R. & B. Codes of Washington, give the wife, as a member of the community, an interest which attaches to public land "squatted" upon by the husband and wife prior to homestead entry. McCune v. Essig, 199 U. S. 382, 26 Sup. Ct. 78, 50 L. Ed. 237; Wadkins v. Producers' Oil Co., 227 U. S. 368, 33 Sup. Ct. 380, 57 L. Ed. 551.