REED et ux. v. ST. PAUL, M. & M. RY. CO. et al.

(District Court, W. D. Washington, N. D.   December 3, 1915.)

No. 74.

1. PUBLIC LANDS ⬅120—PATENTS—SUITS TO SET ASIDE—JURISDICTION OF COURT.

A patent to public lands will not be set aside by a court of equity, unless it appears that through error in the construction of the law the patent was issued to the wrong party, or that through fraud or gross mistake patent was issued to the wrong party. Therefore a bill to set aside a patent to public lands, which contained no averments of fraud, mistake, or erroneous construction of law, is demurrable.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 332–335; Dec. Dig. ⬅120.]

2. PUBLIC LANDS ⬅120—PATENTS—BILL TO SET ASIDE.

A bill to set aside a patent to public lands, which averred settlement upon, improvement, and failure to post notices of claim, and also averred plaintiff's adverse possession for 10 years, and the subsequent issuance of a patent to defendant, is insufficient to state a cause of action.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 332–335; Dec. Dig. ⬅120.]

3. PUBLIC LANDS ⬅120—PATENTS—BILL TO SET ASIDE.

A bill to set aside a patent to public lands, averring that defendants claim some title, estate, and interest in the land by reason of a patent, is insufficient to give jurisdiction to a court of equity.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 332–335; Dec. Dig. ⬅120.]

In Equity. Bill by Charles W. Reed and wife against the St. Paul, Minneapolis & Manitoba Railway Company, a corporation, and another. On demurrer to amended bill. Demurrer sustained.

Carl E. Croson and E. H. Flick, both of Seattle, Wash., for plaintiffs.

F. V. Brown and F. G. Dorety, both of Seattle, Wash., for defendants.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

NETERER, District Judge. A demurrer to the bill in equity in this case was sustained. Reed v. Railway Co., 234 Fed. 123. By permission, the bill has been amended by interlining paragraph IX of the bill so that it reads:

"That said defendants claim some right, title, estate, and interest in and to the foregoing described lands, more particularly to the S. W. ¼ N. W. ¼ of section 3 thereof, *by reason of government patent No. 29 issued April 13, 1908, to the Great Northern Railway Company,* but that said claim is junior and inferior to the claim and right of these plaintiffs." (The amendment is underscored.)

A demurrer has been interposed to the bill as amended. The additional facts pursuant to this discussion appear in Reed v. Railway Co., supra.

[1] It is apparent that no statement appears of any fact of a fraudulent nature, or of any act done or performed by corrupt motives or corrupt means by the defendant, or any of the land officers who have had to deal with this land (Marquez v. Frisbie, 101 U. S. 473, 25 L. Ed. 800), and a court of equity cannot, under any untraversable allegations of error in general, be invoked (U. S. v. Trockmorton, 98 U. S. 61, 25 L. Ed. 93). A bill in equity to set aside a patent or declare the patentee a trustee must set out the facts conceded or established, upon which it is charged the officers, through error in the construction of the law, issued the patent to the wrong party, or that through fraud or gross mistake they misapprehended the facts, with the same result, and if mistake of fact is the ground of attack, the bill must allege the mistake in the finding, and also state the evidence before the department from which the mistake resulted, as well as the particular mistake and the manner in which it occurred, and the fraud, if any, which induced it. U. S. v. Atherton, 102 U. S. 372, 26 L. Ed. 213; James v. Germania Iron Co., 107 Fed. 597, 46 C. C. A. 476. If fraud, error, mistake, or wrong has been done, courts of justice present the only remedy. Moore v. Robbins, 96 U. S. 530, 24 L. Ed. 848. But to maintain a bill in equity it must be averred and proved that the Land Department erred in the construction of the law applicable to the case, or that fraud was practiced upon its officers, or that they themselves were chargeable with fraudulent practices (Gonzales v. French, 164 U. S. 338, 17 Sup. Ct. 102, 41 L. Ed. 548), and the facts upon which these various conclusions are predicated must be stated.

[2, 3] The statement of settlement upon and improvement of the land, and the failure to post "notices of claim under the script land laws of the United States or otherwise," does not bring plaintiff within the rule; nor does the allegation of adverse possession for 10 years constitute a sufficient equity in plaintiff's favor to control the title subsequently conveyed to the defendants by the United States. Gibson v. Chouteau, 13 Wall. 92, 20 L. Ed. 534. The allegation "that said defendants claim some right, title, estate, and interest * * * in the * * * land * * * by reason of government patent No. 29 issued April 13, 1908, to the Great Northern Railway Company," is not sufficient, with the other allegations, to invoke the powers of a court of equity.

The demurrer is sustained.