In re CENTURY SILK MILLS, Inc.

(District Court, S. D. New York. February 11, 1923.)

Bankruptcy ⬤⇒330, 340—Proof of claim not a pleading; when proof of claim is prima facie evidence, requiring objector to go forward.

A sworn proof of claim would ordinarily be prima facie evidence, requiring an objector to go forward, it being the objection, and not the claim, which is pointed out for hearing and determination; but, in order to have probative force, the proof of claim must comply with the requirements of the Bankruptcy Law, and it is a deposition, and not a pleading, and must set forth the evidence with particularity.

In Bankruptcy. In the matter of the estate of the Century Silk Mills, Inc., bankrupt. On petition to review orders of referee. Motion denied, and report confirmed.

Olcott, Bonynge, McManus & Ernst, of New York City (Curley C. Hoffpauir, of New York City, of counsel), for claimant.

Allen R. Memhard, of New York City, for trustee.

WINSLOW, District Judge. This matter comes before the court on petitions to review two orders of the referee in bankruptcy: (1) Expunging and disallowing the claim of Maurice P. Davidson, as receiver and trustee of the separate individual estates of Max and Samuel Salmowitz; and (2) denying the motion on behalf of the said trustee to open the case and for a certificate to this court solely on the question of the burden of going forward with the evidence.

The said Davidson became trustee of Max Salmowitz on May 24, 1921, and trustee of Samuel Salmowitz on July 6, 1921. As such trustee, he filed a joint proof of claim with the trustee in bankruptcy of the Century Silk Mills, Inc., in the sum of $186,000, in which claim it is recited that:

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"The consideration of said debt is as follows: Money loaned and advanced to the said. Century Silk Mills, Inc., by the said Max Salmowitz and Samuel Solmowitz, and for services rendered by the said Max and Samuel Salmowitz to the bankrupt herein."

No statement was made as to the amounts of alleged advances by either of the brothers, or the dates or the alleged services performed by either or both of them. Objections were filed by the trustee herein and the case came on for hearing before the referee. The claim of the brothers Salmowitz was reduced by their trustee to $131,922.-98, and said claimant took the position that the mere filing of the claim completed his prima facie case. This contention was denied by the referee, and an exception taken by the claimant. Thereupon the claimant was permitted to call Max Salmowitz, who testified generally, and the claimant rested. Later a further request was made for the opening of the case again, which request was granted and more testimony taken. Thereupon, on the motion of the trustee herein, the referee disallowed the claim, and the claimant again asked for permission to open the case, and asked the referee for a certificate to have a review regarding the burden of proof. This motion to reopen was denied, it being held by the referee that the record made it possible for the question of burden of proof to be considered by the court. Thereupon separate orders were entered; one disallowing the claim, and the other denying the motion to reopen the case, with a certificate to the District Court to review the question of the burden of proof.

Claimant now moves to review both orders, in substance, on the following grounds: (1) That the proof of debt filed was prima facie proof of the claim, and that the referee erred in requiring claimant to go forward with his proofs: (2) that the referee erred in refusing to permit claimant, after he had rested the second time, to reopen the case, in order that he might review the question of burden of proof; and (3) that the referee erred in disallowing the claim.

A sworn proof of claim would ordinarily be prima facie evidence requiring an objector to go forward. It is the objection, not the claim, which is pointed out for hearing and determination. Whitney v. Dresser, 200 U. S. 532, 26 Sup. Ct. 316, 50 L. Ed. 589. But, in order to have probative force, the proof of claim must comply with the requirements of the Bankruptcy Law, from which it receives whatever effect it has. The proof of claim is not a pleading, but a deposition, which must set forth the evidence with particularity. Collier on Bankruptcy (13th Ed.) vol. 2, p. 1138. The proof of claim filed by the trustee herein does not comply with this condition precedent, and the testimony as to the alleged partnership claim (if any there be), or individual claims of the brothers Salmowitz, does not cure the infirmity.

Motion to reverse the several orders of the referee denied, and report confirmed.