## HUTSON v. COFFMAN.

### In re C. S. HUTSON & CO.

No. 8832.

Circuit Court of Appeals, Ninth Circuit.
Dec. 5, 1938.

Robert B. Powell, of Los Angeles, Cal., for appellant.

Gerald W. Myers, of Los Angeles, Cal., for appellee.

Before GARRECHT and HANEY, Circuit Judges, and ST. SURE, District Judge.

GARRECHT, Circuit Judge.

A petition for reorganization under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, was filed by C. S. Hutson & Company, a corporation, following the filing against it of an involuntary petition in bankruptcy. An order for liquidation was entered and the appellee here was appointed trustee.

C. S. Hutson, president, manager and major stockholder of the bankrupt corporation, filed a claim in the bankruptcy proceedings on the basis of "Services rendered," for the amount of $7,400.54, with a set-off of $4,126.88, evidenced by a note.

No detail or itemization was given in the "Proof of Unsecured Debt." The trustee filed objection to the allowance of the claim upon the ground that the records of the bankrupt were not correct in that the true facts evidenced Hutson to be indebted to the bankrupt in a sum in excess of $25,000; that the purported claim arose out of fictitious sales of property and corresponding entries therefor, wherein C. S. Hutson purported to sell to the bankrupt a one-fourth interest in the American Bank Check Co., and received credit for $25,000 on his personal account (which had been heavily overdrawn), although at the time Hutson had no interest in that company to sell and delivered no evidence of the sale to the bankrupt; and also that fictitious entries of salary to one H. L. Hutson which amounted to over ten thousand dollars over a period years had been applied to the personal account of C. S. Hutson. The referee disallowed the claim. The appellant petitioned to review the order of the referee, which was denied and the order of the referee confirmed. From this order of the court below the present appeal is taken.

■■■ The foregoing recital of facts is taken in part from the briefs and in part from a record which does not vest in this court jurisdiction to entertain the appeal. The record does not contain the petition for involuntary bankruptcy, nor the petition of the debtor under 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, which are necessary to show the jurisdiction of the court and the regularity of the proceedings. Cf. 28 U.S.C.A. § 790. This state of the case was called to the attention of counsel upon the argument, and, since, in an effort to cure the defective record, a stipulation of counsel has been filed which can hardly be said to supply the absence of a proper record. See, generally, on the necessity of incorporating the pleadings in a record on appeal, Clune v. United States, 159 U.S. 590, 593, 16 S.Ct. 125, 40 L.Ed. 269, and Redfield v. Parks, 130 U.S. 623, 624, 625, 9 S.Ct. 642, 32 L.Ed. 1053. "The practice and the requirements upon appeals in bankruptcy cases are substantially the same as in other cases, and the record required to be certified and filed in such cases is the record of the case in the bankruptcy court." Cook Inlet Coal Fields Co. v. Caldwell et al., 4 Cir., 147 F. 475, 478. However, for the purpose of discussing the errors urged by the appellant and to demonstrate that the appeal in any event lacks merit, we will examine the points raised by appellant's brief.

■ There are six assignments of error, all relied upon. The last four assignments will not be noticed, being vague, indefinite and not in compliance with our Rule 11.

As nearly as can be ascertained from the incomplete record before us, and from the briefs, the trustee petitioned for and obtained an order authorizing ancillary proceedings for the purpose of examining into the circumstances and facts relating to the claim of C. S. Hutson and concerning the part taken in the matter by H. L. Hutson and the American Bank Check Company. The ancillary hearing was held in San Francisco, September 17, 1936, before Burton J. Wyman, referee in bankruptcy, special master, and consisted of an examination of Harman L. Hutson, father of C. S. Hutson. The hearing developed that Harman L. Hutson had been employed by the bankrupt corporation in Los Angeles until August, 1928, when he removed to San Francisco to operate the American Bank Check Company; that he was, at the time of giving the testimony, the exclusive owner of the latter company; that he did not draw any salary from the bankrupt corporation after leaving Los Angeles in 1928 nor had he rendered it any service; that he was still a stockholder of the bankrupt, but received no dividends; that the total value of the American Bank Check Company was approximately $20,000 or $25,000, possibly a little more; that he had been informed by C. S. Hutson that a one-fourth interest in this company had been transferred by C. S. Hutson to the bankrupt at a book value of $25,000; but that C. S. Hutson had no interest in said company which he could transfer.

The transcript of testimony taken at this hearing was filed with the referee December 7, 1936, and in the court below April 13, 1938.

On April 12, 1937, a hearing was had before the referee at Los Angeles, on the objection to the claim of C. S. Hutson. C. S. Hutson did not appear; his attorney was present. But one witness was called by the trustee, an auditor, Mr. Gosling, who was in charge of the books of the bankrupt from 1928 to 1934. His testimony tended to show that through the transfer of entries from one account to another upon the books of the bankrupt, it

was made to appear that C. S. Hutson, whose personal accounts were greatly overdrawn, was not indebted to the bankrupt but, on the contrary, it was indebted to him. Specifically, in December, 1929, there was at least $10,290.29 to the credit of H. L. Hutson, on account of uncollected salary, appearing upon the books of the bankrupt corporation. On December 31, 1929, $6,371.19 was charged against the H. L. Hutson account and credited to C. S. Hutson's personal account. The balance of the H. L. Hutson account was then credited to an account denominated "American Bank Check Company." Again, an entry in "Investment Account" for $18,000 represented the purchase from C. S. Hutson of an 18% interest in American Bank Check Company, and a like sum was credited to C. S. Hutson, $10,100 to his open account and $7,900 to his notes receivable account. Later, an additional $7,000 was charged to "Investment Account," and $7,000 credited to C. S. Hutson, for the purchase of 7% interest in the American Bank Check Company, making 25% in all purchased. Yet again, there was an item of $3,500 which C. S. Hutson had collected and did not turn over to the company, instructing the bookkeeper to charge him on the books for that amount.

Counsel stipulated in the hearing before the referee that, so far as the bankrupt corporation's books indicated, C. S. Hutson had a credit of $7,400.54 thereon. Thereafter, the transcript of testimony of H. L. Hutson, taken at the ancillary hearing, was introduced in evidence over objection of appellant's counsel. In that hearing H. L. Hutson testified that C. S. Hutson had no interest in the American Bank Check Company which he could sell and that the entire valuation of the Company would not exceed $25,000.

■ The proof of unsecured debt filed by the appellant was defective because it failed to itemize the consideration for the debt upon which the claim was filed, merely reciting "Services rendered." No referee in bankruptcy would be justified in allowing such a claim without further particulars. Section 57a, Bankruptcy Act, 11 U.S.C.A. § 93(a); General Order 21, 11 U.S.C.A. following section 53; Section 732, Remington on Bankruptcy, 4th ed., Vol. 2, pp. 112-113. For a discussion of the law on this subject see In re Louis Elting, Inc., D.C.N.Y., 4 F.Supp. 732-736, and the cases there cited. See, also, In re Century Silk Mills, Inc., D.C.N.Y., 296 F. 713; In re Coventry Evans Furniture Co., D.C.N.Y., 166 F. 516, 522, 523; In re Morris, D.C. Pa., 154 F. 211, 212. The appellant introduced no evidence in support of his claim at the hearing on the objection of the trustee to the allowance thereof. Under such circumstances the claim was properly disallowed.

■ We are aware of no error committed in the admission in evidence, at the hearing on the objection to the claim, of the transcript of testimony taken during the ancillary hearing before the special master. We are offered no reason why the transcript might be inadmissible, and the cases cited by appellant are not in point. The appellant was represented at the ancillary hearing by able counsel, and the hearing was had pursuant to an order of the court before whom the petition in bankruptcy was filed and for the purpose of ascertaining facts necessary to the proper administration of the estate.

The appeal is dismissed.