**WEST HILLS MEMORIAL PARK et al. v. DONECA.**

**No. 10030.**

Circuit Court of Appeals, Ninth Circuit.

Nov. 9, 1942.

Reuben G. Lenske, of Portland, Or., for appellants.

Samuel B. Weinstein and Moe M. Tonkon, both of Portland, Or., for appellee.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

HANEY, Circuit Judge.

Review is sought of an order affirming an order, of a referee in bankruptcy, appointing a trustee.

West Hills Memorial Park, a corporation, on May 23, 1941, was adjudicated a bankrupt on a petition filed by three creditors of such corporation on July 3, 1940. The first meeting of creditors was held on June 30, 1941. Fifteen creditors having claims totalling $5,202.54, each claim being for an amount in excess of $50., voted their claims for one Cole, as trustee, and will be hereafter called the Cole group. Other claims totalling $5,288.96 were voted for one Bollenbach, and will be referred to as the Bollenbach group.

Included in the latter group was a claim for $2,500 filed by the administrator of the estate of one Kavanaugh, deceased, hereafter called the Kavanaugh claim. The descriptive part of the proof of claim reads as follows: "* * * that said bankrupt was, at and before the filing of the petition in bankruptcy in this case, and still is, justly and truly indebted to the said claimant in the sum of $2,500.00. That the consideration of said debt is as follows: Legal services rendered: Between May 1, 1935 and October 1, 1938. * * *"

The Bollenbach group also included five claims totalling $1,198.53, the proofs of which and the powers of attorney were executed after rendition of the Jury's verdict on insolvency, but prior to entry of the order of adjudication.

In addition to the six claims in the Bollenbach group mentioned above there were two other claims each in an amount in excess of $50, and fifteen claims totalling $306.72, each of which was for an amount which was less than $50.

11 U.S.C.A. § 72, sub. a, provides that the creditors of a bankrupt, other than certain individuals, shall appoint a trustee. 11 U.S.C.A. § 92, sub. a, provides that creditors "shall pass upon matters submitted to them at their meetings by a majority vote in number and amount of claims of all creditors whose claims have been allowed and who are present." 11 U.S.C.A. § 92, sub. c, provides that claims "of $50 or less shall not be counted in computing the number of creditors voting or present at creditors' meetings, but shall be counted in computing the amount."

The referee overruled objections to the Kavanaugh claim and the five claims mentioned. In computing the number of claims, the referee excluded the 15 claims of the Bollenbach group which were less than $50. Of the remaining 23 claims, a majority (15) were voted by the Cole group. In computing the amount of claims, the referee included all 38 claims totalling $10,491.50. Of that sum, a majority ($5,288.96) was voted by the Bollenbach group. The referee ruled that the creditors had failed to elect a trustee because there were insufficient claims in both number and amount to make a majority. He thereupon appointed Bollenbach as trustee.

The Cole group then filed a petition to review the referee's order. Contained in the referee's certificate was the following:

"With respect to the objections to the Kavanaugh claim, Mr. Lenske admitted that he knew that Judge Kavanaugh had rendered valuable services to the bankrupt some years ago but that he was of the opinion that the amount asked was too large. Mr. Kavanaugh stated that statements had been rendered to the bankrupt for this amount over a period of years and that it had not been questioned by the bankrupt. The referee ruled that he would give full faith and credit to the sworn statement contained in the claim and that Mr. Kavanaugh was entitled to vote the claim."

The court below sustained the referee, and the Cole group have appealed.

Appellants contend that the Kavanaugh claim should not have been permitted to vote. It is argued that a claim for services rendered the bankrupt as attorney should be excluded. They rely on Beale v. Snead, 4 Cir., 81 F.2d 970, cert. den., 298 U.S. 685, 56 S.Ct. 956, 80 L.Ed. 1404, rehear. den., 299 U.S. 619, 57 S.Ct. 5, 81 L.Ed. 457. In that case it is said: "* * * It appears that the only votes cast in the election of the trustee were by Mr. Cyrus W. Beale, representing himself and a Mr. Catterall. As Mr. Catterall's claim was for services rendered the bankrupt as attorney, it was properly excluded from voting in the election of the trustee. * * *" Appellee attempts to distinguish that case by saying that there "the claim that disallowed for voting purposes was the claim of an attorney who represented the bankrupt in the bankruptcy proceeding." While that

interpretation might be made of the quoted statement in the cited case, such statement is also subject to the interpretation that the claim was for services rendered prior to bankruptcy.

■ Appellants concede that claims, such as the Kavanaugh claim, are provable and allowable in bankruptcy. Adams v. Napa Cantina Wineries, 9 Cir., 94 F.2d 694, 698. Appellants insist, however, that notwithstanding the allowability of the claim, it should not be permitted to vote for a trustee. No reason is given for that position except the authority above cited. Since 11 U.S.C.A. § 72, sub. a, specifies who shall be excluded in voting for a trustee, and since the claimant here is not a stockholder, member, officer, director or trustee, what we are asked to do is to add another exception to the statute.

■ While it may be true that we could add other exceptions to the statute on equitable grounds, a point we do not decide, we think there are no such grounds here. We suppose the reason for denying the bankrupt's attorney the right to vote for a trustee would be that he, with other creditors, might, by collusion or fraud, appoint a trustee who would favor his voters through malfeasance, misfeasance, nonfeasance, or partiality, at the expense of the other interested persons. Whatever reason might be advanced, it is clear that it could not apply here because the attorney is dead. Being dead, there would be no way in which he might take advantage of anyone. We believe, therefore, that if the claim were properly allowed, it was entitled to its vote.

■ Appellants also contend that the Kavanaugh claim should not have been allowed to participate in the election because the description of the consideration therefor, did not set forth the particulars and items. 11 U.S.C.A. § 93, provides in part:

"a. A proof of claim shall consist of a statement under oath, in writing and signed by a creditor, setting forth the claim; the consideration therefor. * * *

"c. Proofs of claim may, for the purpose of allowance, be filed by the claimants in the court of bankruptcy where the proceedings are pending or before the referee if the case has been referred.

"d. Claims which have been duly proved shall be allowed upon receipt by or upon presentation to the court, unless ob-jection to their allowance shall be made by parties in interest. * * *"

General Order in Bankruptcy, No. 21(1), 11 U.S.C.A. following section 53, provides in part:

"* * * A proof of claim for a debt founded upon an open account shall state when the debt became or will become due; and if it consists of items maturing at different dates the average due date shall be stated, in default of which no interest shall be allowed. * * *"

The proof of the Kavanaugh claim was defective, and the claim was not entitled to allowance (Hutson v. Coffman, 9 Cir., 100 F.2d 640, 642) or entitled to a vote since 11 U.S.C.A. § 92, sub. a, requires allowance of the claim before it can be voted, unless it can be said that the claim was based on an account stated, as appellee contends.

■ In Oregon, an account stated is an agreement between persons who have had previous transactions of a monetary character fixing the amount due in respect to such transactions, and promising payment. The promise may be express or implied. The account stated becomes an original demand, and an action upon an account stated is upon the new promise, and not upon the original debt or items of account. See Steinmetz v. Grennon, 106 Or. 625, 212 P. 532, 535, 536; Meridianal Co. v. Moeck, 121 Or. 133, 253 P. 525, 526.

■ It is clear here that the Kavanaugh claim was not filed as a claim upon an account stated because it contains no language to that effect. However, Hutson v. Coffman, supra, indicates that a deficient claim may be made satisfactory by evidence submitted. The referee's certificate states: "Mr. Kavanaugh stated that statements had been rendered to the bankrupt for this amount over a period of years and that it had not been questioned by the bankrupt." We think this is sufficient evidence to show that the claim at this stage of the proceedings should have been considered by the referee as upon an account stated. Further description of the claim was therefore unnecessary.

■■ Regarding the five claims which were made after the jury's verdict but before entry of the order of adjudication, appellants contend that they should not have been permitted a vote on the election of a trustee. With commendable frank-

ness, appellants concede that there are no authorities either for or against the contention. Appellants say the decision thereon should be one of policy, and argue that the following points disclose why the contention should be sustained: A bankrupt may use the period of contest within which to direct the claims of many creditors into channels which will be favorable to it when adjudication is had; while petitioning creditors are bearing the burden of the proceedings against the bankrupt for the benefit of all creditors, excellent opportunity is afforded to the bankrupt to control the election of a trustee, who, although apparently neutral, is in fact partial to the bankrupt, consciously or unconsciously.

We do not believe that such argument is sufficient. The same things could be true of the time between the entry of the order of adjudication, and the appointment of a trustee, yet the reasons given would not be sufficient to deprive the creditors of their right to vote. While the statute specifies the outer limit of time within which a claim must be filed (11 U.S.C.A. § 93, sub. n), it does not specify the earliest time when a claim can be filed, unless it be 11 U.S.C.A. § 93, sub. c, which provides: "Proofs of claim may, for the purpose of allowance, be filed by the claimants in the court of bankruptcy where the proceedings are pending or before the referee if the case has been referred". While this statute undoubtedly refers to "place" rather than "time", we think it is an indication that a claim may be filed whenever the proceedings are pending but within the statutory limitation above indicated. Such was the case here.

Affirmed.